IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNNIE RAY FAGANS, JR.,

        Plaintiff,

    v.

JEAN HILL, MARSHA BLAINE,
DR. DUANE IVERSON, and
CHRISTOPHER GUNDERSON,

        Defendants.

Civil No. 04-1575-AS

FINDINGS AND RECOMMENDATION

    JOHNNIE RAY FAGANS, JR.
    SID #5322210
    Snake River Correctional Institution
    777 Stanton Blvd.
    Ontario, OR 97914

        Plaintiff *Pro Se*

    LYNNE RENNICK
    Rennick Law Office
    433 West 10th Ave., Suite 102
    Eugene, OR 97405

        Attorney for Defendants Hill &
        Gunderson

1 - FINDINGS AND RECOMMENDATION -

AGNES SOWLE
Multnomah County Attorney
DAVID N. BLANKFELD
Assistant County Attorney
501 S.E. Hawthorne, Suite 500
Portland, OR  97214

    Attorneys for Defendant Blaine

ASHMANSKAS, Magistrate Judge.

Plaintiff, an inmate at the Snake River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the court are Defendant Blaine's Unenumerated 12(b) Motion to Dismiss (#14), and Defendants Hill and Gunderson's Unenumerated 12(b) Motion to Dismiss (#20). For the reasons that follow, Defendants' motions should be granted, and Plaintiff's Complaint should be dismissed without prejudice.

## BACKGROUND

Plaintiff alleges Defendants violated his right to be free from cruel and unusual punishment by initially failing to inform him he tested positive for Hepatitis C, and then failing to provide medical treatment for his condition.

Plaintiff names four Defendants. Marsha Blaine is a corrections nurse who was employed at the Multnomah County Detention Center ("MCDC") when Plaintiff was detained at that facility. Dr. Duane Iverson is apparently a private physician who treated the victim of the crime for which Plaintiff was

2 - FINDINGS AND RECOMMENDATION -

incarcerated at MCDC. Plaintiff did not effect service of process on Dr. Iverson. Defendant Hill is the Superintendent at SRCI, and Defendant Gunderson is a physician's assistant at the Two Rivers Correctional Institution ("TRCI").[1]

Defendants Blaine, Hill, & Gunderson move to dismiss Plaintiff's complaint on the basis that he failed to exhaust available administrative remedies. Plaintiff was advised of the need to file a response to Defendants' motions, and was advised of federal summary judgment standards. Plaintiff did not file a response to Defendants' motions.

## SUMMARY OF FACTS

### I. Multnomah County Detention Center

In early February 2001, a Multnomah County Circuit Judge ordered Plaintiff to submit to a blood test for HIV and any other communicable disease pursuant to Oregon law, on the basis that the victim of Plaintiff's crime had been exposed to Plaintiff's bodily fluids. Defendant Blaine drew Plaintiff's blood, and sent the sample directly to the crime victim's physician, Dr. Iverson, for testing.

The results of any blood tests performed by Dr. Iverson were never sent to MCDC. It was, therefore, impossible for Defendant

---

[1] Plaintiff was transferred from TRCI to SRCI on September 14, 2004.

Blaine to tell Plaintiff his results.  Defendant Blaine offered to draw more blood for testing, but Plaintiff refused.

The Multnomah County Corrections Division has in place policies, procedures, and practices that provide for an internal grievance process available to prisoners at MCDC.  The grievance process includes an appeal of a grievance response to the Facility Commander if the inmate is dissatisfied with the reply received from a responding officer.  The grievance process is set out in detail in the Inmate Manual.

Plaintiff made numerous informal requests for the test results, and was repeatedly informed that jail staff did not have them.  Plaintiff did not, however, file a formal grievance against Defendant Blaine for failing to give him the test results or failing to medically treat him.

**II.  Snake River Correctional Institution**

Plaintiff was admitted to the custody of the Oregon Department of Corrections ("ODOC") on April 25, 2001.  Upon admission to ODOC custody, each inmate receives an inmate handbook.  The handbook contains information about ODOC administrative rules governing inmate grievance procedures. Inmates are also informed of the grievance process at their Admission and Orientation class when they first arrive at the ODOC facility to which they are designated.

Under ODOC rules, inmates are encouraged to resolve any disagreements with staff through two-way communication with first-line staff. If two-way communication does not resolve the problem, the inmate may file a grievance. An inmate may grieve: (1) the application of or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action which may be directed toward the inmate by an employee or volunteer; or (3) any oversight or error affecting the inmate.

An inmate may also file an appeal to any grievance response to the functional unit manager. The inmate may appeal the decision made by the functional unit manager by filing a grievance appeal form with the grievance coordinator.

On September 28, 2004, Plaintiff filed a grievance regarding medical treatment he received while housed at TRCI. Specifically, Plaintiff complained that Defendant Gunderson refused Plaintiff's request for a liver biopsy. The grievance was forwarded to the TRCI grievance coordinator for processing. On October 20, 2004, Nurse Manager Wettlaufer affirmed Gunderson's decision, and explained the grievance appeal procedures available to Plaintiff if he disagreed with his medical health care provider's decision. Plaintiff did not appeal the grievance response.

**DISCUSSION**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandated, regardless of the relief offered through the prison administrative procedures. Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1825 (2001).

Nonexhaustion under § 1997e(a) is an affirmative defense -- defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). It should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. *Id*. In deciding such a motion -- a motion to dismiss for failure to exhaust nonjudicial remedies -- the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

Plaintiff did not avail himself of the formal grievance process while incarcerated at MCDC. Accordingly, he failed to

exhaust his administrative remedies with respect to his claim against Defendant Blaine.

While Plaintiff did file a formal grievance complaining about Defendant Gunderson's refusal of a liver biopsy at TRCI, Plaintiff did not appeal the response to his grievance. Accordingly, he also failed to exhaust his administrative remedies with respect to his claims against Defendants Hill and Gunderson.

## RECOMMENDATION

Based on the foregoing, Defendants' Blaine, Hill, and Gunderson's Unenumerated 12(b) Motions to Dismiss (#14 and #20) should be GRANTED, and this action should be DISMISSED, without prejudice.[2]

## SCHEDULING ORDER

Objections to these Findings and Recommendation(s), if any, are due July 15, 2005. If no objections are filed, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

---

[2] Dismissal of Plaintiff's claims against Defendant Dr. Iverson should be based upon Plaintiff's failure to effect service of process upon him. See Fed. R. Civ. P. 4(m); Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir. 1987) (an action against a defendant shall be dismissed without prejudice if that defendant is not served with a copy of the summons and complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made within the 120 day period).

7 - FINDINGS AND RECOMMENDATION -

If objections are filed, the response is due no later than July 29, 2005. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

DATED this __28th__ day of June, 2005.

                                   __/s/ Donald C. Ashmanskas__
                                        Donald C. Ashmanskas
                                        United States Magistrate Judge